# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LOVIE M. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV508 DJS |
| | ) | |
| BG SERVICE SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. The Court has allowed plaintiff to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review all cases proceeding in forma pauperis and to dismiss them if they are frivolous, malicious, or fail to state a claim upon which relief can be granted. Upon review of the complaint, the Court finds that it must be dismissed pursuant to 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-5, for alleged sexual harassment. Named as defendant is BG Service Solutions.

Plaintiff alleges, in a conclusory fashion, that she was sexually harassed by a supervisor. Plaintiff says that she complained about the harassment and was given the opportunity to go to another job site. Plaintiff claims that she was later allowed to go home early but receive a full day's pay.

Plaintiff claims that she was then transferred to Commerce Bank to do janitorial work. Plaintiff says she was told that she did not have to clean the floor on the fifth floor. Plaintiff told one of her supervisors that she would have preferred to leave but

still receive a full day's pay. Plaintiff alleges that at the end of the day she was told that she was responsible for cleaning the fifth floor. Plaintiff says that her supervisor then fired her because of her poor working skills, because a key was missing, and because she did not clean the fifth floor.

Plaintiff filed this action on March 30, 2009. Plaintiff's right to sue letter was mailed to her on November 17, 2008.

**Discussion**

A plaintiff in a Title VII action has ninety days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984). The ninety-day period in this case elapsed on approximately February 16, 2009. Plaintiff did not file her suit until approximately six weeks after the ninety-day period ended. As a result, the action is time-barred unless plaintiff is entitled to equitable tolling.

On April 2, 2009, the Court ordered plaintiff to show cause why this action should not be dismissed as time-barred. In response, plaintiff filed a document that vaguely suggests that she suffers from mental and physical ailments. The document does not give any reason why these ailments prevented her from timely filing this

action. As a result, this action will be dismissed as untimely. See Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Alternatively, this action should be dismissed because it fails to state a claim upon which relief can be granted. To be actionable under Title VII, sexual harassment must be "severe or pervasive enough to create an objectively hostile or abusive work environment–an environment that a reasonable person would find hostile or abusive." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). There are no factual allegations in the complaint that would show that plaintiff was subjected to an objectively hostile or abusive work environment. As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this  6th  Day of May, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE